Good morning, Counsel. Good morning, Your Honors. Amy Clear, on behalf of Appellant Christopher Johnson, I will watch my time and try to reserve two minutes for my rebuttal. The only issue today is whether the government carried its burden of proof below to establish the base offense level with the enhancement for a crime of violence for a wobbler offense. The wobbler offense, of course, is 245A1 under the California Penal Code. That offense below, demonstrated by the PSR, was that Mr. Johnson received six months of county jail time. With respect, Counsel, as you know, we have Vasquez Gonzalez that says that 245A1 is a crime of violence. I gather you're relying on Moncrief. Do you think Moncrief helps you? Well, and you're absolutely correct, Judge Smith, that the intense argument that we originally raised is now, even though we've raised a little bit different arguments, we're kind of stuck in the sand on that. We do believe Moncrief is our better argument, but I want to start at the very first level of the crime of violence definition, which is this wasn't a felony. Well, but Counsel, under Rule 32.3A.3 of the Rules of Penal Procedure, the court may accept any undisputed portion of the PSR as a finding of fact. And Counsel below specifically told the sentencing court that this was a felony. So why doesn't that foreclose the argument that this wasn't a felony? Why wasn't the trial court allowed under the rule to not just accept this concession, but this affirmative statement from Defendant's Counsel? Can I add on to what my colleague said? Sure. The counsel actually admitted to two felonies, not just one, but he specifically referred to this one as well. Correct. So getting back to what my colleague asked you, would you please answer that question? Absolutely. Two reasons. Defendant's Counsel in her sentencing memo on EOR pages 67 and 72 specifically stated that the offense that was designated in the PSR as, quote, a felony did not meet the definition under the sentencing guidelines to be a crime of violence as defined by the Sentencing Commission for a crime of violence. But with respect, you're not answering my colleague's question. The question was that under the rules, since Counsel below admitted, stated that your client had been convicted of two felonies, one of which was the one that is on appeal here, isn't he bound by what his counsel said in that statement? I don't believe so, Your Honor. Why not? Because the reference to it being a felony is not the same as it being a felony as defined by the Sentencing Commission for purposes of 4B1.2, which is a very specific definition. Both in the comments to 4B1.2, which we've appended to the opening brief, it defines what is a felony for purposes of enhancement. And even if you were going to hold Mr. Johnson to that label of defense counsel, he more than clearly meets the plain-error definition of being entitled to relief, because the parties knew he raised this claim, and he's not prohibited from, since he raised this claim below that he was challenging whether the government could prove that this was an offense that could raise his base offense level, which the government always has a burden to carry and to establish in the first instance. The government was aware that it had an obligation to do so, even if there is not an objection by the defendant. There was more than not an objection. For example, at page 78 of the record, didn't counsel say Mr. Johnson received his second felony conviction for assault with a deadly weapon, not a firearm, for which he received a suspended six-month jail sentence and three years of probation? Under the rules of penal procedure, don't we have to allow the judge to accept that factual concession? And whether this is or isn't a felony is a question of fact, depending even in your view at what actually happened at the sentencing, right? No, Your Honor. The court still has to properly apply the guidelines, and if the underlying offense doesn't meet the statutory or not statutory, but the guideline definition, that's a legal error. It's not enough that counsel called it a quote-unquote felony. She had already challenged whether it met the definition. That's sufficient to raise the claim. To your sentencing point, though, you seem to be contending that unless the statute qualifies as a crime of violence, only if it's punishable for more than a year in prison in every case, right? Correct. Okay. What's your reasoning for that proposition? That it needs to be a felony? No. Why do you, in order to qualify under categorical analysis as a felony, that this statute has to apply in every case or it's not a felony? What's your reasoning? The definition of 4B1.2 requires that it has to be a felony. It is a felony. It's not under California law. Well, it's a wobbler. It's a wobbler. And a wobbler could be charged as a felony or as a misdemeanor, and if it's charged as a felony, then the court has to reduce it under 17B. Correct. I don't see any indication from the sentencing records that that was ever done. Well. I'm looking here, and you can point me to the document. I'm looking at the complaint. It's charged as a felony. I'm looking at the plea form that was used. He pled to a felony right there at the top. You didn't pull the misdemeanor plea form, or his counsel didn't pull the misdemeanor plea form. On the second page of the plea form under Section D, he pled to count 1, 245A1, strike. So not only did he plead to a felony, but he was told this is potentially a strike enhancement. That's a felony. And then you look then finally at the last document, the sentencing memorandum. He was sentenced as a felon in place on formal probation, which usually doesn't happen unless it's a felony offense. Otherwise, it would be informal probation. So I'm looking through all the records that you've submitted in this case. There's not one record that indicates that it was ever reduced. So what is your argument there? My argument is 17B1, which is by operation of law in California, nothing needed to be done because he was sentenced after judgment to a punishment other than imprisonment in a state prison under 1170H. The government has never asserted that he qualified under 1170H. By operation of law, this is a misdemeanor. And I will note that, and I've talked with the government about this this morning, it's come to our attention late in the game yesterday that not only is at our contention that this is not a felony, but because this would have been the only thing that would have permitted the government to arguably charge him as being a prohibited person, because by operation of California law under 17B1, there was a judgment that permitted him to be deemed a misdemeanor under operation of California law, that we would ask that the court remand this on an open record because this is his only arguable prohibiting offense. There is no other quote-unquote felony. Why did his counsel say he had had two? I cannot explain that, Your Honor. But what I can say is an open record remand in this case is necessary because this man does not have any felonies. Do you want to save any of your time? I do, Your Honor. Thank you. Good morning. Good morning. May it please the Court, Elizabeth White for the United States. Good morning, counsel. This offense was a felony conviction, or it was a felony conviction for which, according to the documents that were submitted in the supplemental request, the proceedings were suspended. The defendant was granted three years' probation and as a condition of that probation spent 180 days in jail. This Court's decision in Robinson is directly on point, and what it says is when proceedings are suspended and a defendant is granted probation, there is not actually a judgment entered and the conviction remains a felony, even if the defendant is sentenced to county jail as part of the probation. That is exactly what happened here, and so really I think that this case is controlled by Robinson and we're done. Now, with respect to Moncrief, I think that Moncrief just simply doesn't apply here because the statute that was at issue in Moncrief prohibited a range of conduct, some of which was only punishable as a felony and some of which was only punishable as a misdemeanor. And thus, to tell whether this offense was, whether this defendant's conviction was punishable as a felony, you had to look and see, well, which of those kind of conduct did he do? Did he do the kind that was only punishable as a misdemeanor or the kind that was only punishable as a felony? Here, these Wobbler statutes, the district court judge or the State court judge, excuse me, always has discretion to sentence it as a felony, and so it is always punishable as a felony, regardless of what conduct the defendant engages in. If he's convicted of violating 245A1, that conviction is punishable as a felony, regardless of what sentence the court actually imposes. And in Moncrief, the facts may not have corresponded to a federal felony. Exactly, right, exactly. And, you know, and Moncrief was also different because it was specifically talking about this provision of the INA that wraps in the definition of the CSA, and so it's much more complicated than this. What we've got is 4B1.2, which specifically says that a, that, here, I have the actual wording, that a prior felony conviction means a prior adult felony conviction for an offense punishable by death or imprisonment exceeding one year, regardless of the sentence actually imposed. And so that's what we have here. And I think that that pretty much resolves the issue. I do think that Vasquez-Gonzalez resolves the other issue that they raised in their appeal. And just to clarify what Ms. Cleary, the last thing that she said, it was just, she discovered last night and was just brought to my attention this morning that there might, that there is arguably a problem with the other felony. And so if we were, if the defense were to win on this, we would also agree to remand with an open record. I literally just found this out an hour ago, so I haven't had a chance to look at any of those documents. But you're not conceding, obviously, that the wobbler is not a felony? Oh, no, no, no. No, if this, if the government prevails in this appeal, then that other issue I think she would agree is moot. And so that's all that there is. So that's the other case, matters for another day. Exactly, exactly. Okay. Okay. Thank you. Counsel, you have some rebuttal time. Thank you, Your Honor. I disagree that the sentence in this case was suspended, the imposition. The execution of the sentence was stayed. What do you think of her argument about, and she referred to Moncrief, but in one case you have a statute where a person is punishable as a felony in more than one year of imprisonment, whereas in the other it's a possibility, but not, one for misdemeanor, one's for felony, but they're different. I actually think Moncrief takes wobbler statutes and prohibits them from being punished as crimes of violence because it prohibits courts when the statutes, this circuit used to look at how state courts treated the sentencing. We can no longer do that under the categorical approach. So Moncrief prohibits that punishable language from being looked at anymore. So instead of, and the government argues in its brief it would allow courts to treat everything as felonies because they're punishable. It's actually the opposite. It would treat everything as misdemeanors. Can you, counsel, repeat what you said about why imposition of sentence was not suspended in this case? Sure. Because the sentencing form says proceedings are suspended, and you're placed on formal probation for 36 months. So you're saying when the mock proceedings are suspended, it doesn't mean imposition of sentence is suspended. It means what again? Okay. So under California law, if there is, if you suspend imposition of sentence, there's no judgment, and that's key to applying 17b-1. But if you impose sentence and order execution be stayed, then there's a judgment. And the reason that that matters is, again, to apply 17b-1. And the reason that we provided the sentencing transcript was to show that the state court said, is there any reason why judgment should not be pronounced? Well, California law says if sentence is orally pronounced, that's a judgment. The only thing that was stayed in this case was the execution of the sentence. So there was a judgment in this case, meaning this was a misdemeanor under 245a-1 following operation of law under 17b-1. It's a misdemeanor by operation of law. Thank you. Thank you so much for your time. Happy holidays. Happy holidays. To you all, thank you. The case just argued is submitted. We thank counsel for their argument. The next case for argument is Walker v. Ford Motor Company.
judges: M. Smith, Nguyen, Bennett